The Honorable Jim Argue State Senator 5300 Evergreen Drive Little Rock, AR 72205
Dear Senator Argue:
This letter is in response to your request for an opinion regarding the scope of Section 22 of the Regulations of the Board of Certified Court Reporter Examiners, which was adopted by per curiam order of the Arkansas Supreme Court on March 4, 1999. In Re Section 22, Regulations, Board ofCertified Court Reporter Examiners, 336 Ark. Appx. ___, ___ S.W. 2d ___ (3-4-99). Section 22 of the Regulations provides:
 It is the purpose of this Regulation to ensure that when a Court Reporter is providing services under any contractual agreement, the Court Reporter maintain his or her impartiality and not give or appear to give an exclusive advantage to any party. Therefore, Court Reporters, or any entity providing the services of a Court Reporter, are hereby prohibited from providing services under any contractual agreement that: (1) requires the Court Reporter to relinquish control of an original deposition transcript and copies of the transcript before it is certified and delivered to the custodial attorney; or (2) requires a Court Reporter to provide any service not made available to all parties to an action.
In your request, you have posed a hypothetical and asked whether, in my opinion, it illustrates a violation of Section 22. You have asked me to assume the following:
 1. An Arkansas court reporter is employed by or acts as an independent contractor/consultant for a court reporting firm or organization (the "Company").
 2. The Company has a direct or indirect contractual relationship with a party (the "Contracting Party") who is a litigant in a legal proceeding.
 3. The court reporter is paid by the Company for the services rendered.
 4. By contract with the Company, the court reporter is obligated (a) to maintain his or her impartiality at all times; (b) to refrain from giving or appearing to give any exclusive advantage to any party, including the Contracting Party; (c) to not relinquish control of an original deposition transcript, or copies thereof, prior to certification and delivery to the custodial attorney(s); and (d) to refrain from giving any special service to any party, including the Contracting Party, unless all parties are given the opportunity to receive similar services.
In my opinion, given the terms of your hypothetical, the court reporter's contract with the Company is permissible. Section 22 is clearly not intended, and cannot possibly be read, as a blanket proscription of all third-party contracts. Rather, it is a regulation narrowly tailored to avoid only those third-party contracts that might adulterate the judicial process by affording one litigant an advantage over any other.
I appreciate that in its per curiam order the Supreme Court characterizes its adoption of Section 22 as "a prohibition of the practice of `third-party contracting.'" However, the scope of that prohibition can only be determined by closely examining the regulation itself. As the Supreme Court recently observed in Bush v. State, 338 Ark. ___, ___ S.W.2d ___ (October 14, 1999): "It is axiomatic that the meaning of certain words or phrases cannot be determined in isolation, but must be drawn from the context in which they are used." On its face, Section 22 bars only those contracts, be they third-party or not, that would require a court reporter (1) to relinquish control of a deposition transcript before certification and delivery to the custodial attorney; or (2) to provide any service to one litigant without making it available to all other litigants. In my opinion, in adopting this regulation, the Supreme Court was defining the relatively narrow range of contracts it meant to prohibit. Your hypothetical contract not only avoids requiring but expressly prohibits the disapproved practices.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh